**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4210**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ARCHIE TERRACE DARBY,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:10-cr-00150-PMD-2)

———————

Submitted:  August 14, 2014   Decided:  September 8, 2014

———————

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  William Nettles, United States
Attorney, M. Rhett DeHart, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Archie Terrace Darby appeals the sentence imposed by the district court after the court revoked Darby's supervised release. The district court varied upward from the six to twelve month range determined pursuant to U.S. Sentencing Guidelines Manual §§ 7B1.1, 7B1.4 (2012), and imposed a sentence of twenty-four months of imprisonment, with no further supervised release. On appeal, Darby argues that his sentence is procedurally unreasonable because the district court considered impermissible factors in deciding to vary upward, and that his sentence is substantively unreasonable because it was not based on his breach of trust. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences." Id. at 438. When a district court has imposed a variant sentence, we consider the

reasonableness of imposing a variance and the extent of the variance. United States v. Tucker, 473 F.3d 556, 561 (4th Cir. 2007). "Generally, if the reasons justifying the variance are tied to [18 U.S.C.] § 3553(a) and are plausible, the sentence will be deemed reasonable." Id. (internal quotation marks and citation omitted).

In exercising its discretion the district court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Webb, 738 F.3d at 641. "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)). In determining the length of a sentence imposed upon revocation of supervised release, 18 U.S.C. § 3583(e) requires a sentencing court to consider all but two of the factors listed in 18 U.S.C. § 3553(a). One of the excluded factors is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A) (2012), Crudup, 461 F.3d at 439.

A supervised release revocation sentence is procedurally reasonable if the district court properly calculates the Guidelines' Chapter 7 advisory policy statement range and explains the sentence adequately after considering the policy statements and the 18 U.S.C. § 3553(a) factors it is permitted to consider in a supervised release revocation case. 18 U.S.C. § 3583(e) (2012); United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will we "then decide whether the sentence is plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Darby argues his sentence is procedurally unreasonable because the district court improperly considered that he had fathered seven children by four different women and had not supported those children, that he posted threats to law enforcement on Facebook and used the post to glorify gang affiliations, that he had been a bad example to his children, and the § 3553(a)(2)(A) factors. Our review of the record leads us to reject Darby's argument. Darby introduced the subject of

4

his children during his allocution as a reason for a lesser sentence. The district court's comments merely reflected its opinion that Darby's statements at the hearing were inconsistent with his actions prior to that point. With regard to the § 3553(a)(2)(A) factors, we have recognized that "[a]lthough § 3583(e) enumerates the factors a district court should consider when formulating a revocation sentence, it does not expressly prohibit a court from referencing other relevant factors omitted from the statute." Webb, 738 F.3d at 641. As long as a court does not base a revocation sentence predominately on the § 3553(a)(2)(A) factors, "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." Id. at 642. The court did not err in this case, and Darby's sentence is not procedurally unreasonable.

Darby next argues that his sentence is substantively unreasonable because it was not based on his breach of trust and failure to follow the conditions of supervised release, but rather on his lifestyle decisions and new criminal conduct. This argument is belied by the record. The court's explanation of its sentencing determination clearly reflects that the court was primarily addressing Darby's breach of trust as evidenced by his near complete disregard for the conditions of his supervised

5

release.  The court's mention of Darby's lifestyle and criminal conduct were examples of how he had breached that trust and flaunted the conditions of supervised release.  Finally, the district court's upward variance to a twenty-four month sentence was justified by the circumstances of Darby's case and more than adequately explained by the court.  Darby's sentence is not substantively unreasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED